**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

PABLO ANDRES CASTRO,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Civil Action No. 04-3369 (JAG)

**OPINION**

**GREENAWAY, JR., U.S.D.J.**

**INTRODUCTION**

    Petitioner Pablo Andres Castro ("Petitioner") has filed the instant pro se petition seeking a writ of habeas corpus. Specifically, Petitioner seeks to have his sentence vacated, set aside, or corrected, pursuant to 28 U.S.C. § 2255 ("§ 2255").[1] Petitioner puts forth two reasons why his sentence should be set aside or vacated. First, Petitioner claims that this Court erred by enhancing his sentence for kidnaping by two levels, in violation of his Sixth Amendment rights

---

[1] 28 U.S.C. § 2255 provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

under Blakely v. Washington, 542 U.S. 296 (2004).  Second, Petitioner makes multiple claims regarding the ineffective assistance of his counsel: (1) that his trial counsel did not object to the sentence enhancement or withdraw his guilty plea; (2) that his trial counsel's erroneous assurances induced an involuntary guilty plea at the October 12, 2000 plea colloquy; and (3) that his appellate counsel failed to argue against the sentence enhancement and the involuntary guilty plea.  For the reasons set forth below, this Court denies Petitioner's motion.

## BACKGROUND

**A.     Facts**

The following facts are a brief summary of the events which led to Petitioner's arrest and subsequent conviction.[2]  Petitioner conspired with three other men to kidnap Nelson Rondon ("Rondon"), a drug dealer, to recover money owed to one of the men.  On July 18, 2000, on the way to Elizabeth, New Jersey to kidnap Rondon, Petitioner told his co-conspirators about two weapons in the car that they would use to intimidate Rondon.  Petitioner and a co-conspirator kidnaped Rondon and held him captive for several days, taking him across state lines several times.  Rondon stated that during the abduction, he was hit twice with a gun: once on the lower back and once in the back of the head.  The conspirators were arrested as they awaited the ransom money, and after receiving his Miranda warnings, Petitioner confessed to the kidnaping and stated that two of his co-conspirators carried weapons.

---

[2] This summary is comprised of the facts presented in United States v. Castro, No. 01-2540 (3d Cir. Apr. 23, 2003) attached as Ex. A to Ans. at 3.

**B.     Procedural History**

On August 17, 2000, a federal grand jury sitting in the District of New Jersey returned a two-count indictment against Petitioner and two others.  (Government's Answer ("Ans.") ¶ 1 at 5.)  Count one charged that between July 18, 2000, and July 21, 2000, defendants knowingly conspired to kidnap and hold Rondon for ransom, while transporting him in interstate commerce between New Jersey and Pennsylvania, in violation of 18 U.S.C. § 1201(a)(1) and (c).  (Id.)  Count two charged that on or about July 18, 2000, through July 21, 2000, defendants conspired to unlawfully kidnap Rondon and hold him for ransom, in violation of 18 U.S.C. §§ 1201(a)(1) and 2.  (Id.)  On October 12, 2000, Petitioner pled guilty to Count one of the indictment, pursuant to a plea agreement with the United States Attorney's Office.  The United States Attorney's Office and Petitioner stipulated to various facts, including "that because a dangerous weapon was used during the course of the kidnaping, the specific offense characteristic Section 2A 4.1(b)(3) applies and results in an increase of two levels."  (Id. ¶ 2 at 5.)  Under the U.S. SENTENCING GUIDELINES, Petitioner's total offense level was 29, with a criminal history category of 1, and an imprisonment range of 87 to 108 months.  (Id.)

During sentencing on April 16, 2001, Petitioner argued that he had reserved the right to challenge the sentence enhancement, and sentencing was adjourned to determine if this was correct.  (Id. ¶ 3 at 6.)  On May 8, 2001, this Court found that Petitioner had not reserved this right and sentenced Petitioner to eighty-seven months imprisonment.  (Id. ¶ 4 at 6.)

Petitioner appealed, challenging the sentencing enhancement and claiming his counsel was ineffective.  The Third Circuit affirmed his conviction, finding that Petitioner had stipulated

3

to the gun use, and even if he had not, this Court's conclusion that a gun was used was not clearly erroneous. The Third Circuit also declined to review Petitioner's efficacy of counsel claim, noting that the record was not established well enough to determine the issue on direct appeal. (Ex. A at 5.). On July 16, 2004, Petitioner filed the present motion for relief, pursuant to 28 U.S.C. § 2255. (Pet'r's Mot.)

## STANDARD OF REVIEW

Section 2255 provides a prisoner in federal custody the opportunity to challenge his sentence if it was unlawfully imposed. Section 2255 allows a petition to proceed on the grounds that: (1) the imposed sentence violated the United States Constitution or laws; (2) the court did not have jurisdiction; (3) the sentence exceeded the maximum allowed by law; or (4) the sentence is subject to collateral attack on other grounds. "[A] motion to vacate sentence under 28 U.S.C. § 2255 is addressed to the sound discretion of the court." United States v. Williams, 615 F.2d 585, 591 (3d Cir. 1980). Unless it appears conclusively from the motion, files, and records that the Petitioner is not entitled to relief, the district court must grant the Petitioner an evidentiary hearing on the matter. See id.

Habeas corpus does not encompass all sentencing errors because it is not a substitute for direct appeal. See Reed v. Farley, 512 U.S. 339, 354 (1994); United States v. Addonizio, 442 U.S. 178, 184 (1979). Errors that justify reversal on direct appeal may not necessarily be sufficient to support collateral relief. Addonizio, 442 U.S. at 185. Where a prisoner fails "to raise his claim on direct review, the writ [of habeas corpus] is available only if the [prisoner] establishes 'cause' for the waiver and shows 'actual prejudice resulting from the alleged

violation.'" Reed, 512 U.S. at 354 (quoting Wainwright v. Sykes, 433 U.S. 72 (1977)). Alternatively, collateral relief is available under § 2255 when the claimed error of law constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." Addonizio, 442 U.S. at 185. As such, the error must present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Davis v. United States, 417 U.S. 333, 346 (1974).

## DISCUSSION

**A.    Apprendi v. New Jersey Does Not Preclude the Sentence Enhancement from Being Applied to Petitioner's Sentence.**

Petitioner claims that this Court erred by imposing his sentence in violation of the principles announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 496 (2004). He argues that his sentence violates the Sixth Amendment because it was enhanced by two points after this Court found that he had not reserved his right to challenge the weapons stipulation at sentencing. Apprendi established that a judge could only enhance a defendant's sentence based on facts neither admitted by the defendant nor found by the jury so long as the sentence did not exceed the statutory maximum. Apprendi, 530 U.S. at 490. Blakely applied Apprendi to a Washington State criminal code, emphasizing "that 'the statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." Blakely, 542 U.S. at 303 (citation omitted). Here, as part of the plea agreement, Petitioner agreed to stipulate that because a dangerous weapon was used during the kidnaping, a two level enhancement was appropriate. (Ex. A at 2.) Both this Court and the court of appeals found that Petitioner did not reserve the right to challenge the stipulation at sentencing. (Id. at 2-3.) Petitioner admitted to the

5

use of a weapon during the kidnaping, therefore his sentence was based on the facts he admitted and Apprendi and Blakely do not apply to Petitioner's claim.[3]

**B.     Petitioner Was Not Denied Effective Assistance of Counsel as Guaranteed by the Sixth Amendment.**

Petitioner makes various claims that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment. An ineffective assistance of counsel claim may be brought in a collateral proceeding even if the Petitioner could have, but did not, bring the claim on direct appeal. Massaro v. United States, 538 U.S. 500, 504 (2003). These claims are exceptions to the general rule in order to ensure the claims can be brought "in the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial." Id. at 505.

A petitioner making a claim of ineffective assistance of counsel must satisfy a two-prong test. First, the prisoner must establish that "counsel's performance was deficient," i.e., that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. 668, 687-88 (1984). Second, the prisoner must show that counsel's "deficient performance prejudiced the defense." Id. at 687. In order to meet the second prong, the prisoner must

---

[3] The government responds to Petitioner's argument as though it were a claim under United States v. Booker, 543 U.S. 220 (2005), however, at the time of Petitioner's application, July 16, 2004, Booker had yet to be decided. Nevertheless, Petitioner's claim would be denied under Booker, since the Third Circuit has held that "Booker does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date Booker issued." Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005). Petitioner's judgment became final on July 22, 2003, upon "expiration of the time allowed for certiorari review by the Supreme Court" which is "90 days from the date on which the court of appeals affirms the judgment." Kapral v. United States, 166 F.3d 565, 567, 570-71 (3d Cir. 1999).

establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  A reasonable probability exists when the probability is "sufficient to undermine confidence in the outcome."  Id.  The prisoner has the burden of proof to demonstrate both parts of the test.  See id. at 697.  Failure to prove either part of the test is fatal to the claim.  Id.  It is proper for courts to decide first "whether the assumed deficient conduct of counsel prejudiced the defendant."  McAleese v. Mazurkiewicz, 1 F.3d 159, 170 (3d Cir. 1993) (quoting United States v. Fulford, 825 F.2d 3, 8 (3d Cir. 1987)).[4]

### 1. Trial Counsel's Failure to Object to the Sentence Enhancement or Withdraw the Guilty Plea Did Not Amount to Deficient Conduct or Prejudice under Strickland.

Petitioner alleges that his trial counsel's failure to object to the sentence enhancement, or withdraw his guilty plea, amounts to ineffective assistance of counsel.  Even assuming counsel's performance in these matters was deficient, it is unlikely Petitioner was prejudiced by the deficiency, or that the outcome of the proceeding would have been different.  At sentencing, Petitioner argued that the sentence enhancement was inappropriate.  However, this Court determined that he had not reserved his right to challenge the weapons stipulation leading to the

---

[4] In McAleese, the court noted that:

> Strickland itself recognized that 'a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.  The object of an ineffectiveness claim is not to grade counsel's performance.  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'

McAleese, 1 F.3d at 171 (quoting Strickland, 466 U.S. at 697).

sentence enhancement. (Ex. A at 2.) An additional objection by Petitioner's counsel would not have been likely to obtain a different result.

Likewise, Petitioner was not prejudiced by his counsel's failure to withdraw the guilty plea after the sentence enhancement was used for sentencing. Petitioner himself acknowledged during the plea hearings that he would be unable to withdraw his guilty plea if his sentence was higher than that estimated by his counsel. (Plea Transcript Oct. 12, 2000, attached as Ex. B to Ans. ("Plea Tr. Ex. B") at 11:16-12:3.) Furthermore, a guilty plea may only be withdrawn in order to correct manifest injustice. Masciola v. United States, 469 F.2d 1057, 1059 (3d Cir. 1972). "Manifest injustice does not result from erroneous advice from counsel as to what sentence will be imposed." Id. Thus, as Petitioner's plea could not be withdrawn, his counsel was not deficient for his failure to do so. Petitioner has failed to meet his burden under Strickland. Therefore, Petitioner's claim that his trial counsel was ineffective must be denied.

> **2.      Petitioner is Barred from Bringing His Involuntary Guilty Plea Claim as He Does Not Show Proper Cause for Failing to Bring the Claim on Direct Appeal.**

Petitioner claims that but for his counsel's assurances that he reserved the right to argue the sentence enhancement at sentencing, he would not have pled guilty. (Pet'r's Mot. at 4.) "A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" Bousley v. United States, 523 U.S. 614, 618 (1998) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). However, § 2255 petitions may not be used as a substitute for direct appeal. United States v. Frady, 452 U.S. 152, 165 (1982). If a petitioner fails to raise his claim on direct review, "the writ [of habeas corpus] is available only if the petitioner establishes 'cause' for the

waiver and shows 'actual prejudice resulting from the alleged violation.'" Reed v. Farley, 512 U.S. 339, 354 (1994) (quoting Wainwright v. Sykes, 433 U.S. 72, 84 (1977)). A challenge to the voluntariness of the plea is normally a claim to be raised on direct appeal. See Bousley, 523 U.S. at 621. Petitioner's claim that his counsel's erroneous assurances caused him to plead guilty goes to the voluntariness of the plea, not the effectiveness of his counsel. Thus, as he failed to raise this claim on direct appeal, he must show cause for this failure in order to raise it in the instant petition.

Petitioner claims that because of the ineffective assistance of his counsel, he failed to raise his involuntary guilty plea claim on direct appeal. (Pet. at 5.) Ineffective assistance of counsel may be a sufficient cause for the failure to bring a claim on direct appeal if it rises to the Strickland standard. United States v. Mannino, 212 F.3d 835, 840 (3d Cir. 2000). However, "[w]here the claim of ineffective counsel is based on the failure to raise certain issues on appeal, counsel is not ineffective if the claims he declined to raise are not meritorious." United States v. West, 312 F. Supp. 2d 605, 611 n.1 (D. Del. 2004). Petitioner's claim that his guilty plea was involuntary has no merit. Although he states he was assured an opportunity to argue the sentence enhancement at sentencing, the plea colloquy reflects a different reality. After the Government recited the plea agreement and indicated that the Petitioner agreed to stipulate to provisions in the plea agreement, Petitioner affirmed his understanding of the plea agreement and stipulations:

> THE COURT: Mr. Castro . . . does this comport or comply with your understanding of the full terms of the plea agreement in this case?
> DEFENDANT CASTRO: Yes, sir.

(Plea Tr. Ex. B at 9:1-3, 5.)

Additionally, Petitioner affirmed that no other agreement had been made regarding his plea, and that none would be honored unless it was spoken in the plea proceeding:

> THE COURT: Other than what has just been disclosed on the record, has there been any promise, representation, agreement or understanding conveyed to you as to any other matter by any person prior to the entry of this plea?
>
> DEFENDANT CASTRO: No, sir.
>
> THE COURT: Has there been any out-of-court promise, representation, agreement or understanding requiring you to respond untruthfully to any of these questions?
>
> DEFENDANT CASTRO: No, sir.
>
> THE COURT: Do you understand that you may not at a later time contend that any promise, representation, agreement or understanding was made by any person unless it has been set forth here today?
>
> DEFENDANT CASTRO: Yes, sir.

(Plea Tr. Ex. B at 12:5-8, 10, 12-14, 16, 18-21, 23.)

Finally, Petitioner expressed an understanding that he would not be able to withdraw his guilty plea if a stricter sentence were imposed:

> THE COURT: [I]f the guideline range ends up coming in higher than this worst-case scenario which you've been informed, you would not have the right to withdraw your plea. You understand that?
>
> DEFENDANT CASTRO: Yes, sir.

(Plea Tr. Ex. B at 11:23-12:1, 3.)

Petitioner affirmed numerous times that he understood the plea in its entirety. Therefore, his argument that the guilty plea was involuntary was not a meritorious claim for appeal. As Petitioner's claim was without merit, his counsel was not deficient in failing to raise it on appeal. Thus, the Strickland standard has not been met, and Petitioner has failed to show cause for his

10

failure to raise his involuntary plea claim on appeal. Therefore, he is barred from raising this claim in the instant petition.

### 3. Appellate Counsel Was Not Ineffective for Failing to Argue the Sentence Enhancement and Involuntariness of the Guilty Plea on Appeal.

Petitioner believes that his appellate counsel was constitutionally ineffective for failing to argue the sentence enhancement on Sixth Amendment grounds (Apprendi and Blakely) and the involuntariness of the guilty plea on direct appeal. As discussed above, a claim of ineffective assistance of counsel based on a failure to raise certain issues on appeal is not recognizable if the claims are not meritorious. West, 312 F. Supp. 2d at 611 n.1. As previously discussed, these claims are not meritorious, thus Petitioner's claim must fail.

Petitioner also claims that his appellate counsel failed to argue correctly the issues he did present on appeal. When determining the efficiency of counsel, "our analysis must begin with the 'strong presumption' that counsel's performance was reasonable." George v. Sively, 254 F.3d 438, 443 (3d Cir. 2001) (quoting Strickland, 466 U.S. at 689). Petitioner must overcome the presumption that "the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Petitioner merely alleges that his appellate counsel "failed to correctly argue the issues he did present." (Pet. at 5.) Petitioner provides no other facts regarding his appellate counsel's alleged failure. Such a general claim shows neither that counsel's performance was unreasonable, nor that Petitioner was prejudiced by it. See Strickland, 466 U.S. at 690 ("A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."). Petitioner has failed to meet

his burden under <u>Strickland</u>, Therefore, Petitioner's claim that his appellate counsel was ineffective must also fail.

## **CONCLUSION**

For the reasons set forth in this Opinion, this petition is denied. It is further decided, pursuant to 28 U.S.C. § 2253(c)(2), that because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.

Dated: February 14, 2006

                                               S/Joseph A. Greenaway, Jr.
                                               JOSEPH A. GREENAWAY, JR., U.S.D.J.